# United States Court of Appeals for the Fifth Circuit

---

No. 23-50269
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Keith Lutrell Corona,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CR-74-1

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Keith Lutrell Corona pleaded guilty to possession with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). He was subject to the career offender enhancement, U.S.S.G. § 4B1.1(b)(1), and received a

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

within-guidelines sentence of 300 months of imprisonment and five years of supervised release.

For the first time on appeal, Corona complains that the district court failed to explain its denial of his request for a sentence below the guidelines range. Because he did not raise the argument first in the district court, we review for plain error. *See United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020). The district court denied Corona's request for a downward variance stating that he was undeserving because of his criminal conduct while on supervised release. Corona has not shown that the district court's explanation here for denying his variance request and imposing a within guidelines sentence was a clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (holding that "little explanation is required" when a sentence is within the guidelines range).

In addition, Corona challenges the substantive reasonableness of his sentence, which we review under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Specifically, he argues the lengthy sentence imposed after application of career offender enhancement in his case is contrary to the Sentencing Reform Act, which the district court should have recognized, and that the district court clearly erred in balancing the sentencing factors.

A sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). A defendant may rebut the presumption of reasonableness "by showing that the sentence does not account for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors." *Id.*

No. 23-50269

Corona presented his arguments against a sentence enhanced by the career offender provision in his objections to the presentence report. At sentencing, the district court heard Corona's request for a lower sentence and considered Corona's character, his medical issues, his age, and additional arguments about the career offender enhancement. The district court rejected Corona's request for a lower sentence and stated that even without the career offender enhancement, it would have imposed the same sentence in light of the sentencing factors. *See* 18 U.S.C. § 3553(a). Thus, in light of the record and the deferential standard of review, Corona has failed to rebut the presumption of reasonableness. *See Rashad*, 687 F.3d at 644.

AFFIRMED.